UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0214-RLY-DML-1 |
| | ) | |
| ELIJAH BRENT HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 5, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 25, 2014. Defendant Elijah Brent Howard appeared in person and by his appointed counsel, Gwendolyn Beitz. The government appeared by Brad Shepard, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with *Fed. R. Crim. P.* 32.1(a)(1) and 18 U.S. C. § 3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted to violation 1 as to December 2013 and January 2014, and violations 2, 3, and 4. All other violations were dismissed.

3. The petition alleges as follows:

**Violation**
**Number**     **Nature of Noncompliance**

1     **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

    Mr. Howard failed to provide monthly supervision reports for the months of September, October, November, December 2013, and January 2014.

2     **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

    On November 14, 2013, this officer verbally instructed the offender to report to the probation office on November 15, 2013, at 3:30 p.m. He failed to report as instructed.

    On December 10, 2013, a voice message was left for the offender on his cellular phone instructing him to report to the probation office on December 11, 2013. He failed to report as instructed; however, on December 17, 2013, the offender left a voice message stating he had been working, and asked if the appointment could be rescheduled.

    On January 14, 2014, this office provided the offender's step-father with a note to give to the offender regarding an office appointment scheduled for January 17, 2014. On January 17, 2014, the offender left a voice mail message stating he had just received the message, has been working, and that he could come in early next week.

    On January 23, 2014, a voice mail message was left for the offender on his cellular phone, instructing him to report to the probation office on January 27, 2014. He failed to report. On January 27, 2014, he was verbally instructed to report to the probation office on January 31, 2103, and he subsequently failed to report. On January 28,2 014, the offender left a voice message stating, "other issues have occurred" and asked if the office appointment could be rescheduled.

    On January 28, 2014, the offender was verbally instructed to report to the probation office on January 31, 2014. He failed to report as instructed.

| | |
|---|---|
| 4 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

        Mr. Howard reported his official residence as 3553 Alpine Place, Indianapolis, Indiana; however, on November 12, 2013, and January 14, 2014, his step-father informed this officer that the defendant was no longer staying at his residence and was not welcome to do so. On January 17, 2014, the offender left a voice mail message stating he has been allowed to stay at his mother's residence. On January 27, 2014, the offender informed this officer he has been staying with his brother at a residence owned by his mother, located at "Emerson and 33rd Street." When asked how long he had been staying at that address, the offender stated, "since the end of November/early December." The defendant has never provided this officer with the address of any other residence where he was living.

| | |
|---|---|
| 5 | **"The defendant shall pay any fine/restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of probation/supervised release."** |

        The offender has failed to remit any restitution payments since his supervision commenced. Restitution is joint and several with two co-defendants. The amount ordered was $27,300; however, the amount was offset by $16,667. The current balance is $10,108.00.

4. The parties and the USPO further stipulated that:

    (a)    The highest grade of Violation is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. Howard's criminal history category is III.

    (c)    The range of imprisonment applicable upon revocation of Ms. Sander's supervised release, therefore, is 5-11 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

5. The parties proposed the following resolution: Defendant's supervised release will be modified to include six (6) months residence at the Volunteers of America (not on lockdown status) to commence after Defendant is released from the custody of Monroe County. Defendant must report to his probation officer within 48 hours of being released by Monroe

County. The Magistrate Judge, having considered the factors in 18 U.S. C. § 3553(a), and as more fully set forth on the record, finds that the proposed resolution is appropriate.

Accordingly, the Magistrate Judge finds the Defendant violated the conditions in the petition as admitted above, that his supervised release should be modified, and that he should reside at the Volunteers of America for a period of six (6) months upon his release from the custody of Monroe County. Defendant must report to his probation officer within 48 hours of being released from Monroe County.

In support of this recommendation, the Magistrate Judge notes that the allegations to which Defendant has admitted are only C violations. The violations do not involve violence, drugs, or firearms, and appear to be the result of Defendant simply failing to accept responsibility for his obligations. Defendant apologized for his actions, admitted guilt, and asked to be permitted to go to the Volunteers of America, where he could continue his employment and thus hopefully address his restitution obligations. Under the circumstances, this resolution is appropriate.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived their right to file objections to this Report and Recommendation.

Dated: 5/7/2014

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system
United States Probation Office, United States Marshal